UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Patrick Aleman,**

       **Plaintiff,**

vs.

**Corrections Officer Robert A. Smith, in his individual and official capacities,**

       **Defendant.**

**Court File No.**

**COMPLAINT
WITH JURY DEMAND**

---

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth Amendment to the United States Constitution and under the common law of the State of Minnesota.

2. It is alleged that Defendant violated Plaintiff's constitutional rights under the Eighth and/or Fourteenth Amendments to the United States Constitution and also committed negligence under Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Patrick Aleman was at all material times a resident of the State of Minnesota and of full age.

6. CO Robert A. Smith was at all times relevant to this complaint duly appointed and acting Correctional Officer for the Minnesota Department of Corrections, Moose Lake Correctional Facility, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota.

## FACTS

7. In April of 2019, Plaintiff Patrick Aleman was an inmate at the Minnesota Department of Corrections, Moose Lake Correctional Facility (MCF – Moose Lake). At the same time, Mr. Aleman had an inmate work assignment as a canteen attendant. Mr. Aleman's assignment was to hand out canteen items to inmates who purchased items from canteen.

8. Defendant CO Smith was the supervisor of canteen at MCF - Moose Lake. Officer Smith was Mr. Aleman's work supervisor and Mr. Aleman reported directly to CO Smith in his assignment as the canteen attendant.

9. For several months prior to April 8, 2019, a number of MCF – Moose Lake inmates were falsely accusing Mr. Aleman of stealing their canteen. These inmates verbally harassed, taunted, and threatened to physically assault Mr. Aleman. Mr. Aleman did not steal any canteen items from other inmates, but these disgruntled inmates did not believe him and remained convinced that Mr. Aleman was stealing their canteen.

10. Prior to April 8, 2019, Mr. Aleman received numerous threats of assault from inmates who believed he was stealing their canteen. Each time Mr. Aleman received such a threat, he reported it directly to his supervisor, Defendant CO Smith. On numerous occasions prior to

April 8, 2019, Mr. Aleman told Defendant Officer Smith that there were false rumors going around that he was stealing canteen and that disgruntled inmates were threatening to assault and injure him. On numerous occasions prior to April 8, 2019, Mr. Aleman told Defendant Officer Smith that he was in fear for his safety and his life because he felt that he was at imminent risk of assault by inmates who believed he was stealing their canteen. On numerous occasions prior to April 8, 2019, Mr. Aleman reported to Defendant Officer Smith that specific inmates were threatening to assault him and identified them by name.

11. On numerous occasions prior to April 8, 2019, Mr. Aleman asked Defendant Officer Smith to take action to protect him from getting assaulted and to protect him from the inmates who were threatening to assault Mr. Aleman. Despite numerous reports by Mr. Aleman and numerous requests for protection, Officer Smith failed to take any action to protect Mr. Aleman from the inmates who were threatening to assault him.

12. CO Smith knew that Mr. Aleman was at risk of physical assault prior to April 8, 2019, because, in the weeks leading up to April 8, 2019, CO Smith himself reported to and warned Mr. Aleman about threats to assault Mr. Aleman that he had heard directly from other inmates.

13. On April 8, 2019, DOC inmate Joseph Martin who had previously threatened to assault Mr. Aleman, and whom Mr. Aleman had previously reported to Officer Smith, carried through on his threats and brutally assaulted Mr. Aleman without justification. Mr. Martin approached Mr. Aleman from behind and punched Mr. Aleman numerous times in the head and face from behind until Mr. Aleman became unconscious and fell to the floor. Mr. Martin then left for a short period and returned to pour a cup of coffee onto Mr. Aleman as he lay

unconscious on the floor. As a result of the assault, Mr. Aleman suffered facial fractures and a permanent brain injury which resulted in mobility and speech impediments.

14. As noted above, Mr. Aleman had previously reported Joseph Martin to Defendant Officer Smith and specifically reported to Officer Smith that Mr. Martin had threatened to assault Mr. Aleman. Mr. Aleman told Officer Smith that he was scared of Mr. Martin and that he believed Mr. Martin would assault him in the near future. Prior to April 8, 2019, Mr. Aleman also asked Defendant Officer Smith to take action to protect Mr. Aleman from Mr. Martin. Defendant Officer Smith deliberately ignored and disregarded Mr. Aleman's complaints and requests for protection and took no action to protect Mr. Aleman from Mr. Martin prior to April 8, 2019.

15. As a result of Defendant Officer Smith's failure to protect Mr. Aleman, Mr. Aleman sustained a brutal assault and suffered physical and psychological trauma and distress, permanent disability, diminished quality and enjoyment of life, as well as lost wages and related medical expenses.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – EIGHTH AMENDMENT DELIBERATE INDIFFERENCE AND FAILURE TO PROTECT

16. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

17. Based on the above factual allegations, Defendant, through his actions, acting under the color of state law, violated Plaintiff's constitutional rights under the Eighth Amendment to the United States Constitution through his deliberate indifference/reckless disregard towards serious risk of harm to Plaintiff and through his deliberate/reckless failure to protect Plaintiff from serious risk of harm.

18. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

## COUNT 2: NEGLIGENCE UNDER MINNESOTA STATE LAW

19. Paragraphs 1 through 15 are incorporated herein by reference as though fully set forth.

20. Based on the above factual allegations, Defendant owed Plaintiff a duty of reasonable care to protect Plaintiff from Joseph Martin. Defendant breached this duty of care when he intentionally ignored and disregarded Plaintiff's complaints and requests for protection prior to April 8, 2019.

21. Defendant's conduct in failing to take action to protect Plaintiff from risk of assault constitutes a violation of the DOC's policies and procedures mandating protection of inmates at risk of harm.

22. As a direct and proximate result of this negligence, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment on all counts set forth above;

b. Award of compensatory damages to Plaintiff;

c. Award of punitive damages to Plaintiff;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

                                   THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: March 6, 2025                By: s/ Zorislav R. Leyderman
                                              ZORISLAV R. LEYDERMAN
                                              Attorney License No. 0391286
                                              Attorney for Plaintiff
                                              The Law Office of Zorislav R. Leyderman
                                              80 South 8th Street, Suite 900
                                              Minneapolis, MN 55402
                                              Tel: (612) 876-6626
                                              Email: zrl@ZRLlaw.com